UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No.: 25-cr-00033 (DLF) |
| v. : | |
| : | |
| JOHN HAROLD ROGERS, : | |
| : | |
| : | |
| **Defendant.** : | |

**GOVERNMENT'S RESPONSE REGARDING PENDING EVIDENTIARY ISSUES**

The government respectfully submits this brief regarding various evidentiary issues that have been raised by the defense. As detailed below, the parties have conferred and resolved some of these concerns, narrowed others, and defined the scope of disputes likely to arise during trial.

1. **Clip from February 2020 Interview in Which Defendant Voluntarily Provided his Cellphone and iPad to Investigators**

This issue has been resolved. The defense seeks to admit a clip, from the defendant's February 2020 interview with OIG investigators, in which he voluntarily provides his government-issued cellphone and his personal iPad to OIG investigators. The government will not object to the admission of this clip into evidence and has agreed to create the audio clip for defense counsel to enter it into evidence at the appropriate time.

2. **The Defendant's Thousands of WeChat Messages**

This issue remains unresolved. Government Exhibit 3 is a pdf document (created from an Excel table) with a large volume of the defendant's relevant WeChat messages between the defendant and Hummin Lee or the defendant and his wife Yu Liu. There are over 3,000 messages in the original Excel document, which itself is a subset of tens of thousands of such messages between the defendant and Hummin Lee or Yu Liu. To streamline the presentation and consideration of evidence, the government has redacted the document, leaving those messages that

it seeks to introduce in its case-in-chief and send back with the jury during deliberations. By contrast, the defense has indicated that it will seek to admit *all* of the defendant's WeChat messages. The government objects because the messages are hearsay statements. While the government may offer the WeChat messages as statements of a party opponent, that option is not available to the defense. Further, the government objects because the introduction of all the messages risks being a distraction and waste of time. Many of the messages that the defense seeks to admit are also likely cumulative of the messages the government will introduce. The defense has not offered an evidentiary basis to support the admissibility of the messages.

3.   **The Defendant's Email Messages**

This issue has been narrowed. The defense seeks to admit some of the defendant's email correspondence. The government objects on hearsay grounds.

The defense has indicated that some of the email correspondence that the defendant received from Federal Reserve colleagues will be offered, not for its truth, but for its effect on the listener. The government concedes that this could be a valid basis to admit *some* of the email correspondence on the defendant's exhibit list, but the defense has not identified the specific emails (or portions of emails) that it will seek to admit on this basis. The government is prepared to wait until the moment during trial when the defense seeks to admit each email to determine whether, under the circumstances, the exhibit is being offered for an acceptable non-hearsay purpose—such as effect on the listener—or whether an objection is warranted to that specific email (or portion of an email).

4.   **Special Agent Ayris and His Past Investigations**

The government believes that this issue is moot. The defense raised a concern that some of Special Agent Ayris's grand jury testimony constitutes expert testimony that the government may

2

seek to elicit during trial. (ECF docket No. 67, Defendant's Advance Notice of Possible Objections). Government counsel conferred with defense counsel to seek more specificity about their objection. Defense counsel specified that it is referring to Special Agent Ayris's testimony about past counterintelligence cases or investigations. (Defense counsel, though, did not identify specific portions of the grand jury transcript). The government does not intend to elicit any testimony from Special Agent about past counterintelligence cases. Accordingly, this issue is moot.[1]

**5.    Government's Adopted Statements**

This issue has been narrowed. The defense filed a brief indicating that it will seek to introduce hearsay statements pursuant to the exception found in Federal Rule of Evidence 801(d)(2)(B), involving adopted statements. (ECF Docket Entry No. 66, Defendant's Advance Notice Regarding Hearsay). However, the defense filing did not specify which statements it would seek to admit on this basis. During a meet-and-confer with government counsel, defense counsel specified that it will seek to admit, on cross-examination, statements that Special Agent Ayris made during his grand jury testimony recounting what other individuals had said, specifically statements made by Federal Reserve employees. The government does not object to the defense eliciting such statements during Special Agent Ayris's cross-examination *if* there is a basis for impeaching him with the statements and/or it is clear from Special Agent Ayris' grand jury testimony that he actually adopted the third-party hearsay statement, rather than merely recounting the third-party

---

[1] During Special Agent Ayris's direct examination, the government will ask him about the facts of this case and the scope and direction of his investigation into this case. Special Agent Ayris is expected to testify about specific facts from this case, how he evaluated those facts, and the meaning of terms and concepts relevant to this specific counterintelligence investigation, including but not limited to identifying examples of the defendant's "tradecraft" and Hummin Lee's "cultivation" of the defendant as a potential "source" of nonpublic information.

statement for context, effect on the listener, or for the purpose of disclosing to the jury (arguable) *Brady* material.

**6.     Other Potential Evidentiary Objections to Defense Exhibits**

Lastly, in its earlier statement regarding the defendant's exhibits, ECF Docket Entry 63, the government identified some evidentiary objections that may apply to exhibits identified on the defendant's exhibit list depending on how the defense intends to use those exhibits at trial. The defense's most recent exhibit list, circulated on January 16, 2026, continues to contain many exhibits that contain hearsay and, as of the date of this filing, the defense has not identified a theory of admission for those exhibits. *See, e.g.*, Def. Exhs. 1 (memo written by FRB staff), 4 (FBI summary of interview of defendant), 10 (defense emails about GWU employment prospects), 12 (FBI summary of interview of FRB employee), 34-40 (emails between defendant and Fudan University employees about Chinese government grant), and 51 (OIG summary of interview of FRB employee). The government does not believe that the Court needs to resolve this issue now but flags it because there will likely be substantial hearsay objections to many of the exhibits identified on the defense's exhibit list if the defense seeks to admit those exhibits during cross examination of government witnesses or during its case-in-chief.

               Respectfully submitted,

               JEANINE FERRIS PIRRO
               United States Attorney

               */s/ Thomas N. Saunders*
               THOMAS N. SAUNDERS
               ADAM P. BARRY
               Assistant United States Attorneys
               N.Y. Bar No. 4876975
               Cal. Bar No. 294449
               National Security Section
               601 D Street, NW, Room 5-120
               Washington, D.C.  20530

Office: 202-252-7790 / 202-252-7793
Email: thomas.saunders@usdoj.gov
adam.barry@usdoj.gov

JOHN A. EISENBERG
Assistant Attorney General for National Security

Nicholas O. Hunter
D.C. Bar No. 1022355
Trial Attorney
National Security Division,
U.S. Dep't of Justice
950 Pennsylvania Ave, NW
Washington, D.C. 20530
E-mail: nicholas.hunter@usdoj.gov
Telephone: (202) 353-3434

Yifei Zheng
N.Y. Bar No. 5424957
Trial Attorney
National Security Division,
U.S. Dep't of Justice
950 Pennsylvania Ave, NW
Washington, D.C. 20530
E-mail: yifei.zheng@usdoj.gov
Telephone: (202) 353-0252