**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.

JOHN HAROLD ROGERS,

       *Defendant.*

No. 25-cr-33 (DLF)

## FINAL JURY INSTRUCTIONS

You have now heard all of the evidence in the case. Before you begin your deliberations, I am going to instruct you on the law. I will start with some general rules of law and then talk about the specific charges alleged here and some of the specific issues in this case. Some of these rules will repeat what I told you in my preliminary instructions.  Please understand that each one of you will have a complete copy of these instructions with you in the jury room.

1

**Instruction No. 1: Furnishing the Jury with a Copy of the Instructions**

During your deliberations, you may refer to these instructions. While you may refer to any portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

**Instruction No. 2: Function of the Court**

As I explained at the beginning of the trial, my function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case. It is your duty to accept the law as I instruct you. You should consider the instructions as a whole. You may not ignore or refuse to follow any of them.

**Instruction No. 3: Function of the Jury**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it was my responsibility to decide what was admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, national or ethnic origin, or gender. Decide the case solely based on a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**Instruction No. 4: Jury's Recollection Controls**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, your memory controls during your deliberations.

**Instruction No. 5: Notetaking by Jurors**

During the trial, I have permitted jurors to take notes. You may take your notebooks with you into the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are to be only an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence.

**Instruction No. 6: Evidence in the Case**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, agreed to—certain facts. Any stipulation of fact is undisputed evidence, and you may consider it undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

**Instruction No. 7: Statements of Counsel**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

**Instruction No. 8: Indictment Not Evidence**

The Indictment is merely the formal way of accusing a person of a crime. You must not consider the Indictment as evidence of any kind. You may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

**Instruction No. 9: Burden of Proof**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government proves he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendant to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of the offenses with which the defendant is charged, it is your duty to find him guilty of those offenses. On the other hand, if you find that the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find the defendant not guilty of that offense.

**Instruction No. 10: Reasonable Doubt**

As I've explained, the government has the burden of proving the defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. But in criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

**Instruction No. 11: Direct and Circumstantial Evidence**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window, saw no snow on the ground, then went to sleep, and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both.

Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**Instruction No. 12: Nature of Charges Not to be Considered**

You must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

**Instruction No. 13: Other Acts Evidence**

You have heard evidence regarding certain ethics and financial disclosure rules that apply to employees and officers at the Federal Reserve.

If you find that the defendant violated certain ethics or financial disclosure rules, you may use this evidence only for the limited purpose of determining whether the government has proved beyond a reasonable doubt that the defendant knowingly and intentionally committed the two offenses charged in this case: (1) Conspiracy to Commit Economic Espionage and (2) Making a False Statement.

You may not use this evidence for any other purpose. The defendant is only on trial for the crimes charged. He is not charged in this case with any violations of any ethics or financial disclosure rules, and you may not use this evidence to conclude that he has a bad character or that he has a criminal personality. The law does not allow you to convict a defendant simply because you believe he may have done bad things not specifically charged as crimes in this case.

**Instruction No. 14: Number of Witnesses**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

**Instruction No. 15: Inadmissible and Stricken Evidence**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyer's responsibility to object to evidence that he or she believes is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been.

**Instruction No. 16: Credibility of Witnesses**

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified. As I've said already, you are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; and whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including any circumstances that would impair or improve the witness's ability to remember the event, the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event. You may consider whether there are any inconsistencies or discrepancies between what the witness says now and what the witness may have previously said. You may also consider any inconsistencies between the witness's testimony and any other evidence that you credit such as the testimony of another witness. You should consider whether any inconsistencies are the result of

different individuals seeing, hearing, or recollecting things differently, are the result of actual forgetfulness, are the result of innocent mistakes, or are the result of intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**Instruction No. 17:  Preparation of Witnesses**

You may have heard testimony about witnesses meeting with attorneys or investigators before they testified. You are instructed that it is perfectly proper for a lawyer or investigator to interview a witness in preparation for trial.

**Instruction No. 18: Law Enforcement Officer's Testimony**

In this case, you have heard testimony from certain law enforcement officers. A law enforcement officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a law enforcement officer.

**Instruction No. 19: Specialized Opinion Testimony**

In this case the government presented certain witnesses as having various kinds of expertise.  Those witnesses were: Barry Naughton, Scott Kistler, Robert Greene, and Brad Setser.

If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness who possesses knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters. You are not bound to accept this witness's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. You should consider this evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

**Instruction No. 20: False or Inconsistent Statements by Defendant**

You have heard evidence that the defendant made out-of-court statements to law enforcement officers that may have been false or inconsistent.  It is up to you to decide whether he made the statements, and whether they were, in fact, false or inconsistent. One of those alleged statements is charged in Count Two.

With respect to the other uncharged statements the defendant allegedly made to law enforcement, you must determine whether he made such statements. If you find that the defendant made such statements and that they were false or inconsistent, you may consider such evidence as tending to show his feelings of guilt, which you may, in turn, consider as tending to show actual guilt.  On the other hand, you may also consider that he may have given such statements for reasons unrelated to his case or consistent with his innocence.  If you find that the defendant made a false or inconsistent statement in explanation of his actions, you should give the testimony as much weight as in your judgment it deserves.

**Instruction No. 21: Translation of Foreign Language Documents**

I have admitted documents that contain Mandarin Chinese language along with an English translation of relevant material. Although some of you may know Mandarin Chinese, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the exhibit. If, however, you have a question as to the accuracy of the English translation, you should bring this matter to my attention immediately. You should not ask your question or make any comment about the translation in the presence of the other jurors, or otherwise share your question or concern with any of them. I will take steps to see if your question can be answered and any discrepancy resolved. If, however, after such efforts a discrepancy remains, you must rely only upon the official English translation admitted into evidence and not on your own translation.

You should accord no greater nor lesser weight to evidence simply because the evidence is in English or in Mandarin Chinese.

**Instruction No. 22: Recordings and Transcripts**

Recordings of conversations identified by witnesses have been received in evidence. Transcripts of these recorded conversations were furnished for your convenience and guidance as you listened to the tapes to clarify portions of the tape that were difficult to hear and to help you identify speakers. The recordings, however, are the evidence in the case; the transcripts are not. If you noticed any difference between the transcripts and the recordings, you must rely only on the recordings and not the transcripts. In addition, if you cannot determine from the recording that particular words were spoken, you must disregard the transcripts as far as those words are concerned.

**Instruction No. 23: Redactions**

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only portions of an exhibit were admitted, such as portions of a longer audio recording, a document with some words or pictures blacked out or otherwise removed, or a collection of text messages with certain messages blacked out. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is before you.

**Instruction No. 24: Charts and Summaries**

Certain charts and summaries have been received into evidence. Charts and summaries are valid only to the extent that they accurately reflect the underlying supporting evidence. You should give them only such weight as you think they deserve. If you find that these charts or summaries do not correctly reflect facts or figures shown by the evidence in this case, you should disregard any part of the charts or summaries you find is inaccurate.

**Instruction No. 25: "On or About" – Proof of**

The Indictment charges that certain of the offenses were committed "on or about" a specific time range or during a specific time range between as early as May 2013 and through on or about January 2025. The proof need not establish with certainty the exact date or time of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on a date or time reasonably near the date or time alleged.

**Instruction No. 26: Proof of State of Mind**

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendant and all other facts and circumstances received in evidence which indicate his intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he or she intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

**Instruction No. 27: Motive**

Motive is not an element of the offenses charged, and the government is not required to prove motive in this case. You may, however, consider evidence of motive or lack of evidence of motive in deciding whether or not the government has proved the charges beyond a reasonable doubt.

## ELEMENTS OF THE CHARGED OFFENSES

### Count 1

Count One of the Indictment charges the defendant with Conspiracy to Commit Economic Espionage in violation of 18 U.S.C. § 1831(a)(5). It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal. A conspiracy is a kind of criminal partnership.

The elements of conspiracy, each of which the government must prove beyond a reasonable doubt are that:

1. Between as early as May 2013 and through in or about January 2025, two or more persons entered into an agreement to commit the crime of Economic Espionage;

2. the defendant John Harold Rogers knowingly and voluntarily joined the conspiracy; and

3. one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the Indictment in furtherance of the conspiracy.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy count. Otherwise, you must find the defendant not guilty of the conspiracy count.

I will now describe those three elements in more detail.

***With regard to the first element***—a criminal agreement to commit Economic Espionage—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of Economic Espionage.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish

a criminal agreement.  These are things that you may consider in deciding whether the government has proved an agreement.  But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of Economic Espionage.  This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

Now, some of the people who may have been involved in these events are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted or tried together in one proceeding.

With respect to the crime of Economic Espionage in particular, the government must prove that two or more persons, including the defendant, conspired or agreed to cooperate with each other to commit the crime of Economic Espionage.  To prove a criminal agreement to commit Economic Espionage, the government must prove beyond a reasonable doubt:

1. That two or more persons, including the defendant, conspired or agreed to knowingly and without authorization obtain, copy, duplicate, photograph, download, upload, alter, photocopy, replicate, transmit, deliver, send, mail, communicate, convey, or possess one or more trade secrets;

2. That the defendant knew or believed that the information was a trade secret; and

3. That the defendant knew or intended that his actions would benefit a foreign government, foreign instrumentality, or foreign agent.

It is not necessary for the government to prove that the defendant or his alleged co-conspirators knew about the Economic Espionage Act or how the Act defines "trade secret." Instead, the government must prove that the defendant and one other person conspired to misappropriate information that met the definition of "trade secret."

The term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if –

(1) The owner thereof has taken reasonable measures to keep such information secret; and

(2) The information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

The term "trade secret" can include compilations of public information when combined or compiled in a truly novel way even if a portion or every individual portion of that compilation is generally known. For example, a report or memorandum might consist of a collection of public information taken from various sources but be compiled to convey a certain novel message or provide special guidance.  In such a case, the report may still qualify as a trade secret but only if it meets the definition of a trade secret set forth above.

The government need not prove that the information was, in fact, a trade secret.  What is required is proof beyond a reasonable doubt that the defendant and at least one other member of the conspiracy knowingly agreed to misappropriate information that they believed was a trade secret and did so for the

benefit of a foreign government or its instrumentality.  This is because a defendant's guilt or innocence on this charge depends on what he believed the circumstances to be, not what they actually were.

Now, I am going to define some additional terms that I have mentioned:

The terms "intended" and "intentionally" as used in these instructions to describe the alleged state of mind of the defendant, mean that it was the defendant's conscious desire or purpose to act in a certain way or to cause a certain result, or that the defendant knew that he was acting in that way or would be practically certain to cause that result.

The terms "knew" and "knowingly," as used in these instructions to describe the alleged state of mind of the defendant, mean that the defendant was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

In deciding whether the defendant acted intentionally or knowingly, you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

The term "owner," with respect to a trade secret, means the Federal Reserve.

The term "foreign instrumentality," as used in these instructions, means any agency, bureau, ministry, component, institution, association, or any legal, commercial, or business organization, corporation, firm, or entity that is substantially owned, controlled, sponsored, commanded, managed, or dominated by the Chinese government.

The term "foreign agent" is any officer, employee, proxy, servant, delegate, or representative of the Chinese government.

In the context of economic espionage, the term "benefit" to a foreign government, foreign instrumentality, or foreign agent is to be understood broadly. It includes not only an economic benefit, but

also a strategic, tactical, or reputational benefit. The government is not required to prove that a benefit to a foreign government, instrumentality, or agent was the sole benefit that the defendant sought or knew would occur from his actions. A defendant can intend to benefit himself through his actions while at the same time intending to benefit another through those same actions. Moreover, the government is not required to prove that a foreign government, instrumentality, or agent directed or coordinated the defendant's activity. Rather, this element relates to a person's mental state: did he intend or know that his actions would benefit a foreign government, instrumentality, or agent?

**_With regard to the second element of the crime of conspiracy_**, if you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendant knowingly and voluntarily joined that agreement. To convict the defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve the unlawful object of the conspiracy.

This does not require proof that the defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a

conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

In determining whether a conspiracy between two or more persons existed and whether the defendant was one of its members, you may consider the acts and the statements of any other members of the conspiracy as evidence against the defendant whether done in or out of his presence while the conspiracy existed. When persons enter into an agreement to commit a crime, they become agents for each other so that everything which is said or done by one of them in furtherance of that purpose is deemed to be the statement of all who have joined in that conspiracy and is evidence against all of the conspirators. However, statements of any conspirator which are made before its existence or after its termination may be considered as evidence only against the person making such statements.

**With regard to the third element of the crime of conspiracy**, the government must prove that a member of the conspiracy did one of the overt acts described in the Indictment for the purpose of advancing or helping the conspiracy. You will not have a copy of the Indictment in the jury room, but you will have a list of 44 overt acts that were charged in the Indictment. These overt acts include emails, travel, preparation for travel, we-chat communications and other acts which the government has presented in evidence. The government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal. But the government must prove beyond a reasonable doubt that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy. This is essential.

In summary, a conspiracy is a kind of partnership in crime. For the defendant to be convicted of the crime of conspiracy, the government must prove three things beyond a reasonable doubt: first, that during the charged time period there was an agreement to commit Economic Espionage; second, that the defendant knowingly and voluntarily joined in that agreement; and third, that one of the people involved

in the conspiracy did one of the overt acts charged.

## Count 2

Count Two of the Indictment charges that on or about February 4, 2020, in the District of Columbia, the defendant did willfully make a false statement in a matter within the jurisdiction of the Federal Reserve Board, whose office is located in the District of Columbia, and the statement was material to the activities or decisions of the Federal Reserve Board Office of Inspector General, in violation of 18 U.S.C. § 1001.

In order to prove the defendant guilty of the crime charged, the government must establish beyond a reasonable doubt that:

1. On or about February 4, 2020, the defendant made a statement or representation;

2. This statement or representation was material;

3. The statement or representation was false, fictitious, or fraudulent;

4. The false, fictitious, or fraudulent statement was made knowingly and willfully; and

5. The statement or representation was made in a matter within the jurisdiction of the executive branch of the United States government.

A statement is "false" or "fictitious" if it was untrue when it was made, and the defendant knew it was untrue at that time. A statement is "fraudulent" if it was untrue when it was made, the defendant knew it was untrue at that time, and the defendant intended to deceive.

A statement or representation is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the agency of the executive branch to which it was addressed, that is the United States Federal Reserve Board Office of Inspector General. Proof of actual reliance on the statement or representation by the United States Federal Reserve Board Office of Inspector General is not required. The government need only make a reasonable showing of its potential effects.

The word "knowingly" means that the act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

A matter is "within the jurisdiction of the executive branch of the government of the United States" if the United States Federal Reserve Board Office of Inspector General has the power to exercise authority in that matter. It is not necessary that the government prove that the defendant knew the matter was within the jurisdiction of the United States government or that the statements were made directly to, or even received by, the United States government.

## <u>CONCLUDING INSTRUCTIONS</u>

**Instruction No. 28: Unanimity – General**

A verdict must represent the considered judgment of each juror. In order to return a verdict, each juror must agree on the verdict. In other words, your verdict must be unanimous.

**Instruction No. 29: Verdict Form Explanation**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing on it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing on the form replaces the instructions of law I have already given you, and nothing on it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

**Instruction No. 30: Multiple Counts – One Defendant**

Each count of the Indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count unless I instruct you to do otherwise. The fact that you may find the defendant guilty or not guilty on any one count of the Indictment should not influence your verdict with respect to the other count of the Indictment.

At any time during your deliberations you may return your verdict of guilty or not guilty with respect to any count.

**Instruction No. 31: Exhibits During Deliberations**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

**Instruction No. 32: Selection of Foreperson**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Instruction No. 33: Possible Punishment Not Relevant**

The question of possible punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**Instruction No. 34: Cautionary Instruction on Publicity, Communication, and Research**

As you retire to the jury room to deliberate, I also wish to remind you of a few instructions I gave you at the beginning of the trial. I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let the Courtroom Deputy know as soon after it happens as you can, and I will then briefly discuss it with you.

Also, during deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, as I've explained already, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

**Instruction No. 35: Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the Courtroom Deputy or the Marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the Courtroom Deputy, the Marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

**Instruction No. 36: Jurors' Duty to Deliberate**

It is your duty as jurors to consult with one another and to deliberate, expecting to reach an agreement. You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

**Instruction No. 37: Attitude and Conduct of Jurors in Deliberations**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed.

Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

**Instruction No. 38: Delivering the Verdict**

When you have reached your verdict, send me a note informing me of this fact, and have your foreperson sign the note. Do not tell me what your verdict is. The foreperson should fill out and sign the verdict form that will be provided. I will then call you into the courtroom and ask your foreperson to read your verdict in open court.

**Instruction No. 39: Excusing Alternate Jurors**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected four seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats 3, 10, 11, and 15.

Before you leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the Courtroom Deputy. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury if something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service. We are extremely grateful for your time and attention in this case. Please report back to the jury office to turn in your badge on your way out.