UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| **v.** | : | **Case No. 25-cr-00033 (DLF)** |
| | : | |
| **JOHN HAROLD ROGERS** | : | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT OF
ACQUITTAL AND, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL**

In its opening statement at trial, the government promised to prove that Defendant John Rogers was a willing participant in "espionage" involving "spies, government secrets, trillions of dollars, international finance, secret meetings in Shanghai hotel rooms, seduction and lies." 1/21/26 PM Trial Tr. at 160:13-16.  The government's evidence failed to support this salacious theory, however, and the jury acquitted Dr. Rogers of the espionage charge.

The jury did convict Dr. Rogers of Count 2, for making a false statement to Federal Reserve Board OIG agents when he responded that he had "never" shared restricted Federal Reserve information outside of the Federal Reserve.  But the only clear trial evidence that Dr. Rogers shared restricted Federal Reserve information outside of the agency was an email that Dr. Rogers shared with a co-author at Fudan University, which no evidence connected to the government's alleged conspiracy with Hummin Lee.  Dr. Rogers's single email to his Fudan co-author provides insufficient evidence that Dr. Rogers knowingly and willfully made a material, false statement to Federal Reserve OIG, and the government had no proper basis in evidence to claim in its closing argument that the email was connected to the alleged conspiracy.  Accordingly, Dr. Rogers moves for judgment of acquittal on Count 2 because there was insufficient basis for his conviction, and in the alternative for a new trial on Count 2 in the interests of justice, because the government's argument connecting the Fudan email was confusing and prejudicial to the jury.

**I.     There is Insufficient Evidence to Support the Conviction on Count 2**

To obtain a conviction of Dr. Rogers on Count 2, false statements in violation of 18 U.S.C. § 1001, the government was required to prove beyond a reasonable doubt that Dr. Rogers's statement to the Federal Reserve Board OIG that he had "never" shared Federal Reserve restricted information outside of the agency was both material and knowingly and willfully false. As noted in Dr. Roger's opening motion for judgment of acquittal, he does not dispute that he shared Federal Reserve restricted information—a Class II document (Gov. Ex. 336) with a co-author at Fudan University. Dr. Rogers does dispute, however, that there was sufficient evidence to establish beyond a reasonable doubt that when Dr. Rogers responded "never" to the Federal Reserve Board OIG, he was making a material, knowing, and willful false statement.

The jury's verdict on Count 2 was based on its understanding that Dr. Rogers stated that he had "never" provided a Federal Reserve restricted document outside of the agency, while he had in fact sent such a document to his Fudan University co-author. In its opposition, the government contests that the jury's verdict on Count 2 was based on Dr. Rogers's email to his Fudan co-author. *See* Government Opposition, ECF No. 103 at 8 (conceding that one inference from the jury's verdict is that it was based on the Fudan email, but "it is not the only inference"). However, Dr. Rogers's inference—that the verdict was based on his statement as relates to the email to his Fudan co-author—is the only reasonable one because it was the only document that the government pointed the jury to as the basis for Count 2. Indeed, the government's entire argument on Count 2 lasted only two pages, *see* 2/2/26 Trial Tr. 81-83, as compared to the more than forty pages the government spent on Count 1, *id*. at 40-81. And the government did not mention Count 2 in its rebuttal argument.

The government's closing argument on Count 2 boiled down to, "you just saw how he conducted classes so that he could transfer information to Hummin Lee, and you saw how he sent FOMC Class II information regarding the European Central Bank, the ECB to a Fudan professor"…."[n]ow, the defendant said on the stand that he forgot that he sent that information to the Fudan professor.  But he was asking for it to be made into a PDF, a PDF so that he could teach his classes to Hummin Lee."  2.2.26 Trial Tr. 81:20-23; 82:18-21.

The insufficiency of the evidence supporting Dr. Rogers's verdict on Count 2 stems from the fact that he did not knowingly and willfully make a material false statement when he said "never" to the Federal Reserve Board OIG because in the context of a wide-ranging interview focused on blackmail, threats, and his relationship with Hummin Lee, Dr. Rogers did not think of the wholly unconnected email he had sent to his Fudan University co-author.

Contrary to the government's statement in closing, there was no evidence at trial that Defendant's co-author at Fudan University had any relationship with Hummin Lee or that Hummin Lee had any relationship to Fudan University.  The government's opposition argues that Dr. Rogers "had on prior occasions sent material to people with Fudan University email accounts with requests to convert the material into a different format (*e.g.*, place on a thumb drive) so that Defendant could use the material during his 'classes' with Hummin Lee."  ECF No. 103 at 13.  This claim is unavailing.  The only evidence the government relies upon relates to the washing machine document (Gov. Ex. 353) that Dr. Rogers himself sent to Hummin Lee, and there is no evidence that he used a colleague at Fudan University as an intermediary.  There is also no evidence that Dr. Rogers would have needed to turn a document into a PDF to send it or show it to Hummin Lee—a claim in the government's opposition that does not make sense.  The government's after-the-fact attempt to link the Fudan co-author email to Hummin Lee fails because

3

there is no evidence in the record that a reasonable juror could have relied upon to make the connection.

Similarly, the government's argument that Dr. Rogers "admitted on cross examination that he met with Hummin Lee shortly after sending the document to the Fudan University professor to be made into a PDF" falls short of the mark. ECF No. 103 at 14. In fact, Dr. Rogers testified that he had met with Hummin Lee "[f]or the return to America, correct; you are right." 1/30/26 PM Trial Tr. 134:24. He also explained that at the time, Hummin Lee was helping him obtain a necessary visa for his daughter to leave China to travel to the United States. *Id* at 134:11-24. Dr. Rogers's testimony does not provide any evidence connecting his email to his Fudan co-author to Hummin Lee.

Dr. Rogers's opening motion set forth the reasons why there is insufficient evidence that his "never" statement to the Federal Reserve Board OIG was neither knowing nor willful. The jury could have incorrectly concluded that Dr. Rogers would have remembered sending the email to his co-author if jurors believed his intent was to use the document in a class for Hummin Lee. Since there was no evidence of a planned class, the closing argument invited the jury to convict Defendant based upon a faulty premise.

In its opposition, the government also claims that the jury had ample evidence that the statement was material. The government is wrong. Its opposition sets forth the two circumstances in which Dr. Rogers's statement could have been material: 1) if they related to the blackmail scheme in which Dr. Rogers was a victim, or 2) "had Defendant shared restricted Federal Reserve information with outsiders who could later use that information to harm the Federal Reserve." ECF No. 103 at 3-4. The record is clear: Dr. Rogers's "never" statement was not material to either of these circumstances. It did not relate to the blackmail scheme, and it was true and correct with

respect to Hummin Lee, which was what Dr. Rogers understood the Federal Reserve Board OIG to be asking about. That is, because Dr. Rogers's email to his Fudan University co-author was wholly unconnected to his communications with Hummin Lee, and thus unrelated to the OIG agents' investigation into whether Dr. Rogers had provided information to Hummin Lee or other outsiders seeking to use the information to harm the Federal Reserve, the "never" statement was not material.

## II.    A New Trial on Count 2 is in the Interest of Justice

As set forth above, the government's closing argument that Dr. Rogers's email to his Fudan co-author was connected to the alleged conspiracy with Hummin Lee was unsupported by the record. Furthermore, in the context of a trial in which the government made claims that Dr. Rogers participated in a sensational espionage conspiracy that the jury rejected, the government's unsupported argument regarding the email was confusing and prejudicial, and in the interests of justice provides the basis for a new trial on Count 2.

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Dr. Rogers recognizes that he bears a heavy burden to persuade the Court that the interest of justice requires a new trial. To warrant a new trial, "the evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand . . . ." *United States v. Howard*, 245 F. Supp. 2d 24, 30 (D.D.C. 2003) (quoting *United States v. Edmonds*, 765 F. Supp. 1112, 1118 (D.D.C. 1991). Dr. Rogers also recognizes that his counsel did not object during the government's closing and that thus there was no curative instruction to the jury to counteract the prejudicial effect of the unsupported argument. He nonetheless submits that in the unique context

of his espionage trial and acquittal, the evidence of Count 2 preponderates heavily against the verdict that the jury mistakenly reached and asks the Court to grant him a new trial.

### III.    Conclusion

Dr. Rogers was a Federal Reserve official for 27 years who was asked, in the context of an OIG interview that he sought out as the victim of a blackmail and threats scheme, an incredibly broad question: whether he had ever shared a Federal Reserve restricted document.  In that moment, he failed to recall the only document that the government relied upon for Count 2 at trial, and a document that no evidence connects to the government's alleged, and unsuccessful, espionage conspiracy.  The government's evidence was insufficient to support Dr. Rogers's conviction on Count 2, and the government's statement in closing argument regarding his email to his Fudan co-author was confusing and prejudicial.  Dr. Rogers respectfully moves for judgment of acquittal or, in the alternative, a new trial on Count 2.

March 10, 2026                                   Respectfully submitted,

*/s/ Stephen A. Saltzburg*
Stephen A. Saltzburg (D.C. Bar No. 156844)
2000 H Street, NW
Washington, DC 20052
Tel.: (202) 994-7089
Fax: (202) 994-9811
Email: sasaltz@law.gwu.edu

*/s/ Jonathan K. Gitlen*
Jonathan K. Gitlen (D.C. Bar No. 990918)
Law Office of Jonathan K. Gitlen PLLC
900 19th Street, NW, Suite 500
Washington, DC 20006
Tel.: (202) 568-5788
Fax: (202) 301-8556
Email: jonathan.gitlen@jgitlenlaw.com

/s/ Molly Gaston
Molly Gaston (*pro hac vice)*
Gaston & Cooney PLLC
1455 Pennsylvania Ave. NW, Suite 400
Washington, DC 20004
Tel: (202) 657-0012
Email: mollygaston@gastoncooney.com

*Counsel for Defendant*